# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 8, 2011 Session

## DWANE WASHINGTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-C-2071      Cheryl Blackburn, Judge**

---

**No.  M2010-00534-CCA-R3-PC - Filed June 29, 2011**

---

The petitioner, Dwane Washington, appeals the post-conviction court's ruling that he failed to prove prejudice by clear and convincing evidence after his case was remanded for a determination of prejudice.  The proper standard of review was whether the petitioner had shown that there was a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  After a careful review, we conclude that the post-conviction court used the wrong standard in requiring the petitioner to prove prejudice by clear and convincing evidence and that the record before us clearly establishes that there was a reasonable probability that, but for trial counsel's inaccurate assurances that the petitioner was eligible for boot camp, he would not have pled guilty and would have insisted on going to trial.  We reverse the judgment of the post-conviction court, vacate the petitioner's judgment of conviction, and remand the case for a trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Jeremy W. Parham, Nashville, Tennessee, for the appellant, Dwane Washington.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Originally, the petitioner pled guilty to Class B cocaine possession and, in exchange for his plea, was sentenced, as a Range II, multiple offender, to twelve years in the Tennessee

Department of Correction (TDOC) with a recommendation for the Boot Camp Program. After arriving at the Tennessee Department of Correction, the petitioner learned he was not eligible for the Boot Camp Program because he was a Range II, multiple offender. The petitioner contacted his trial counsel, who had assured him that he was eligible for the Boot Camp Program, and was advised to file a post-conviction relief petition. The petitioner filed such a petition and, at the original post-conviction hearing, trial counsel confirmed that she gave assurances to the petitioner that he was eligible for the Boot Camp Program. Trial counsel testified that she had discussed the petitioner's eligibility with someone at the Tennessee Department of Correction and was assured that the petitioner was indeed eligible. The petitioner testified and confirmed that he had been assured that he was eligible for the Boot Camp Program and also stated that had he known otherwise, he would not have pled guilty. The post-conviction court, nonetheless, determined that the inaccurate advice concerning the petitioner's eligibility in the Boot Camp Program did not result in deficient performance by trial counsel.

The petitioner appealed the post-conviction court's initial determination, and a panel of this court concluded that trial counsel's advice to the petitioner was inaccurate and that trial counsel's performance was deficient because she relied upon the advice given by a Tennessee Department of Correction employee despite clear statutory language setting forth that a Range II, multiple offender does not qualify for the Boot Camp Program. This court remanded the case to the post-conviction court to make a determination as to whether the petitioner had been prejudiced by trial counsel's deficient performance. *Dwane Washington v. State*, No. M2008-01062-CCA-R3-PC (Tenn. Crim. App, at Nashville, June 16, 2009).

Upon remand, the post-conviction court heard the arguments of counsel, reviewed the initial guilty plea colloquy, and rendered a written order concluding that the petitioner had not established by "clear and convincing evidence" that he was prejudiced by trial counsel's deficiency and, therefore, denied any relief. From this order the petitioner now appeals, contending that the trial court erred in denying him relief.

Analysis

On appeal, two issues are be decided: 1) whether the post-conviction court used the appropriate standard in determining whether the petitioner was prejudiced by the trial counsel's deficient performance; and 2) whether the petitioner's proof was sufficient to establish a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given

was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). With regard to the prejudice prong, as to guilty pleas, the petitioner must establish that, but for counsel's errors, the petitioner would not have entered the plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This court will not disturb the findings of fact entered by the post-conviction court unless the evidence preponderates against them. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).

Upon the remand of this case to the post-conviction court, the only issue to be determined was whether the petitioner was prejudiced by the deficient performance of trial counsel. The post-conviction court found that the petitioner failed to establish "by clear and convincing evidence" that he was prejudiced by trial counsel's deficiency. Initially, we conclude that the post-conviction court failed to apply the proper standard of review in this case, instead imposing a higher burden to establish prejudice by clear and convincing evidence. The post-conviction court should have allowed the petitioner to establish prejudice by proving a reasonable probability that, but for counsel's errors, the petitioner would not have entered a guilty plea and would have insisted on going to trial.

Nonetheless, in denying relief on the merits, the post-conviction court found:

The petitioner was fully advised during his plea hearing that the courts are not bestowed with the authority to order TDOC to place particular defendants into its boot camp program (and the court did make this recommendation on behalf of the Petitioner), and TDOC would determine whether the inmate is eligible to participate in boot camp. [The petitioner] informed the court that he understood TDOC possessed the ultimate authority to determine whether he would be placed in the boot camp program.

Here, it is not disputed that the petitioner's trial counsel informed the petitioner that he was eligible for boot camp. Indeed, trial counsel stated that, in an attempt to satisfy her own mind that the advice she was giving the petitioner was correct, she contacted an employee with the Tennessee Department of Correction and was informed that the petitioner would be eligible for the Boot Camp Program. In making his decision to enter a guilty plea, the petitioner, no doubt, relied upon counsel's inaccurate assurances that he was eligible for boot camp. A panel of this court has already determined that trial counsel provided deficient performance to this petitioner for giving advice that was contrary to the clear expressed statutory provisions of Tennessee Code Annotated section 40-20-207. This statute makes clear that the petitioner, as a Range II, multiple offender, did not qualify for the Boot Camp Program. In our view, the trial court's telling the petitioner that his participation in the Boot

Camp Program was entirely at the discretion of the Tennessee Department of Correction, when the petitioner did not even qualify for the program, did not lessen the prejudicial effect of counsel's deficient performance.

Conclusion

Based on the foregoing reasons, we conclude that the post-conviction court applied an incorrect standard of review for determination of prejudice. Upon our review of the determination of prejudice, we conclude that the evidence was sufficient to establish that the petitioner received inaccurate assurances that he was eligible for the boot camp program; that he relied upon these assurances which the trial court bolstered; and that there exists a reasonable probability that, but for those inaccurate assurances, he would not have pled guilty. Therefore, the judgment of the post-conviction court denying relief is reversed, the judgment of conviction is vacated, and the case is remanded for a trial.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-